## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joseph Bruce Ragione,**
**Plaintiff Below, Petitioner**

**vs)  No. 17-0037**  (Preston County 16-C-144)

**The Board of Education**
**of Preston County,**
**Defendant Below, Respondent**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and plaintiff below Joseph Bruce Ragione, by counsel Steven L. Shaffer and C. Paul Estep, appeals the Circuit Court of Preston County's December 16, 2016, order that dismissed petitioner's amended complaint. Respondent and defendant below Board of Education of Preston County ("Board"), by counsel Kimberly S. Croyle and Michael C. Cardi, filed a response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, petitioner applied for an advertised mechanic position with the Board. Petitioner alleges that, after he was contacted by the Assistant Superintendent for an interview, he advised the Board that he would only leave his current employment for $35,000 per year. He contends that, during a subsequent interview, the Assistant Superintendent and the Board's Transportation Director informed him that the Board would credit him with twenty-eight years of work experience and pay him approximately $35,000 per year if he could get certain forms completed by former employers. Petitioner was thereafter approved for employment as a mechanic to be paid at Pay Grade F, which took into consideration his twenty-eight years of work experience, for the 2012-13 school year. Petitioner's salary was set at approximately $35,000. Petitioner's contract with the Board for the following school year also provided for an annual salary of approximately $35,000.

Petitioner was subsequently advised that, effective July 1, 2014, the twenty-eight years of work experience credit that was granted to petitioner by the Board would no longer be considered for purposes of calculating his salary and, as a result his pay, was reduced by approximately $11,000 per year.

1

Petitioner timely initiated an employment grievance under the grievance procedure, *see* West Virginia Code § 6C-2-1, challenging the rescission of the twenty-eight year prior work experience credit. Petitioner's grievance was denied at each level, including at Level III, following a hearing on December 3, 2015. In a decision dated February 12, 2016, the West Virginia Public Employees Grievance Board ("Grievance Board") determined that the award of experience credit for private sector experience was taken by the Board's then-superintendent, Larry Parsons, without involvement of either the Board or the West Virginia State Board of Education ("State Board"), which, at all times relevant, had taken over the supervision of Preston County schools. Thus, the Grievance Board concluded, the decision of the Board, by its then superintendent, to grant petitioner prior private sector experience credit was an *ultra vires* act. For this reason, petitioner's grievance was denied. The Grievance Board's February 12, 2016, decision stated that "[a]ny party may appeal this Decision to the Circuit Court of Kanawha County. Any such appeal must be filed within thirty (30) days of receipt of this Decision. *See* W.Va. Code § 6C-2-5."

Instead of appealing the Grievance Board's decision, petitioner filed a complaint in circuit court, alleging that, by eliminating his prior private work experience and reducing his yearly pay, the Board breached its contract with petitioner. Thereafter, the Board filed a motion to dismiss based upon petitioner's failure to exhaust his administrative remedies by failing to appeal the Grievance Board decision denying his grievance. Petitioner filed a response and also moved to amend his complaint. Following a hearing, the circuit court granted petitioner's motion to amend and set another hearing on the motion to dismiss.

Petitioner thereafter filed an amended complaint that alleged the same facts as the original complaint and, in addition to breach of contract, asserted claims of fraudulent inducement, civil conspiracy, and unjust enrichment. The Board filed a motion to dismiss the amended complaint. A hearing was conducted and, by order entered December 16, 2016, the circuit court granted the Board's motion. The circuit court dismissed petitioner's breach of contract, fraudulent inducement, and unjust enrichment claims under Rule 12(b)(1) of the West Virginia Rules of Civil Procedure[1] because petitioner failed to appeal the level three Grievance Board decision denying his grievance and, thus, failed to exhaust his administrative remedies. The circuit court also dismissed petitioner's civil conspiracy claim under Rule 12(b)(6) for failure to state a claim upon which relief could be granted, on the basis that the individuals named in the amended complaint were employees of the Board and, as such, could not conspire with the Board, their employer and a corporation. *See Cook v. Hecks, Inc.*, 176 W. Va. 368, 375, 342 S.E.2d 453, 460 (1986) (holding that a corporation "can act only through its agents or employees" and "cannot conspire with their corporate principal or employer where they act in

---

[1] Under Rule 12(b)(1) of the West Virginia Rules of Civil Procedure,

[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter[.]

their official capacities on behalf of the corporation and not as individuals for their individual advantage."). This appeal followed.

It is well established that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioner argues that the circuit court erred in granting the Board's motion to dismiss under Rule 12(b)(1) as to his breach of contract, fraudulent inducement, and unjust enrichment claims.[2] Petitioner contends that the court's ruling misinterprets the language of West Virginia Code § 6C-2-5(a) and (b), and that, as a result, violated his constitutional right to a jury trial. *See* U.S. Const. amend. VII; W.Va. Const. art. III, § 1. Under West Virginia Code § 6C-2-5(a) and (b), "(a) The decision of the administrative law judge is final upon the parties and is enforceable in the Circuit Court of Kanawha County. (b) A party may appeal the decision of the administrative law judge . . . [.]" *Id.* in relevant part. Petitioner argues that this Court should interpret the term "may" in this statutory language in a manner similar to its holding in syllabus point six of *Weimer v. Sanders*, in which it held that "[a] public employee *may* file a written grievance to the West Virginia Public Employee Grievance Board pursuant to W.Va. Code § 6C-2-4(a)(1) (2008) (Repl.Vol.2010); however, such filing is permissive and not mandatory under the clear wording of the statute." 232 W. Va. 367, 752 S.E.2d 398 (2015). Petitioner argues that this Court should similarly hold that, under West Virginia Code § 6C-2-5(a) and (b), a party should be permitted, but not be required, to appeal a decision of the Grievance Board to the Circuit Court of Kanawha County "before he is entitled to bring a civil action[.]"

We find petitioner's argument to be without merit. One of the issues in *Weimer* was whether a public employee who initiated proceedings under the grievance procedure was precluded, while the grievance process was still pending, from instituting a circuit court action alleging that her employer refused to provide reasonable accommodation for her disability. Reasoning that the differences between the grievance procedure and the procedures employed by either a court or the Human Rights Commission are "of profound significance,"[3] we held that "[a] civil action commenced in circuit court under the West Virginia Human Rights Act, W.Va. Code § 5-11-1 *et seq.*, is not precluded by a grievance that was filed with, but not decided by the West Virginia Education and State Employees Grievance Board, W.Va. Code § 6C-2-1 *et seq.*, and arising out of the same facts and circumstances." 232 W. Va. at 370, 752 S.E.2d at 401, syl. pt. 12. *See also* Syl. Pt. 3, *Vest v. Board of Education of County of Nicholas*, 193 W. Va. 222, 455 S.E.2d 781 (1995) (holding that "[a] civil action filed under the West Virginia Human Rights Act, W.Va. Code, 5-11-1, *et seq.*, is not precluded by a prior grievance decided by the West Virginia Education and State Employees Grievance Board arising out of the same facts and circumstances.").[4]

---

[2] Petitioner has not appealed the dismissal of his civil conspiracy claim.

[3] *Weimer*, 232 W.Va. at 377, 752 S.E.2d at 408.

[4] In *Vest*, the grievant alleged that she was terminated based upon gender discrimination. We reasoned that a claim brought under the grievance procedure did not preclude a claim

3

Petitioner's argument that his case should be similarly decided ignores our subsequent decisions in *Subramani v. West Virginia University Board of Governors,* No. 14-0924, 2015 WL 7628720 (W.Va. Nov. 20, 2015) (memorandum decision), and *Redd v. McDowell County Board of Education*, No. 15-0566, 2016 WL 2970303 (W.Va. May 20, 2016) (memorandum decision). In both cases, the grievants initiated grievance proceedings but did not appeal adverse level three decisions. Instead, the grievants filed civil actions in circuit court. Neither grievant's circuit court claims alleged violations of the West Virginia Human Rights Act, which distinguished them from *Weimer* and *Vest*.[5] This Court determined, in both *Subramani* and *Redd*, that the grievants' claims fell within the express jurisdiction of the Grievance Board and were properly dismissed for failure to exhaust administrative remedies.

As in *Redd* and *Subramani*, petitioner's claims herein do not involve alleged violations of the West Virginia Human Rights Act and, thus, do not fall within this exception to the exhaustion of administrative remedies. Rather, petitioner's claims of breach of contract, fraudulent inducement, and unjust enrichment fall within the grievance procedure. *See* West Virginia Code § 6C-2-2(i)(1) (defining "[g]rievance" as "a claim by an employee alleging a violation, a misapplication or a misinterpretation of the statutes, policies, rules or written agreements applicable to the employee including: (i) Any violation, misapplication, or misinterpretation regarding compensation, hours, terms and conditions of employment, employment status or discrimination[.]"). Accordingly, we find that petitioner's claims were properly dismissed under Rule 12(b)(1).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 5, 2018

---

brought under the West Virginia Human Rights Act because the grievance procedures are not substantially similar to those employed by a court or the Human Rights Commission and, further, because "discrimination" is defined slightly differently under the grievance and human rights statutes. 193 W. Va. at 226-27, 455 S.E.2d at 785-86.

[5] In *Subramani*, the grievant filed grievances under the grievance procedure related to his employer's failure to promote him to the rank of full professor. His subsequent claims in circuit court alleged due process violations and that his case did not receive a full, fair, and impartial review under the grievance statute. *Id.* at *4. In *Redd*, the grievant instituted grievance proceedings relating to her failure to be hired into administrative positions at the high school where she worked and from where she transferred to another school into a classroom teacher position. Her remaining circuit court claims (following an earlier dismissal of her federal and state sexual and racial discrimination claims) alleged violations of state laws regulating her employer's employment decisions about "professional personnel at a school in various stages of intervention and/or improvement." *Id.* at *4.

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISQUALIFIED:**

Justice Margaret L. Workman